OPINION
{¶ 1} Defendant-appellant, Lee Everitt, appeals his convictions in the Warren County Court of Common Pleas for aggravated robbery, assault, and failure to comply with an order or signal of a police officer. We affirm the decision of the trial court.
 {¶ 2} On August 26, 2001, Officer Chris Brock of the Lebanon Police Department was on routine patrol. He was in uniform and patrolling in a marked police cruiser. At approximately 12:30 a.m., Officer Brock made a routine traffic stop of appellant's vehicle for failure to display a front license plate. Before Officer Brock was able to call in appellant's vehicle registration information, appellant exited his vehicle and approached Officer Brock's cruiser.
 {¶ 3} Appellant approached Officer Brock in an angry, aggressive and belligerent manner. Appellant asked Officer Brock, "what the f**k are you doing?" Officer Brock exited his cruiser, but before he was able to say anything, appellant shoved the officer. Officer Brock then informed appellant that he was under arrest for assaulting an officer. Appellant resisted arrest and threw a punch at Officer Brock. A struggle between appellant and Officer Brock ensued.
 {¶ 4} At this point, a third-party witness, James Kolthoff, stopped his vehicle to watch the altercation. Officer Brock and appellant were pushing each other back and forth, into the street and back toward the sidewalk. In the process, Officer Brock's lapel microphone became dislodged which prevented him from calling for assistance. Appellant pushed Officer Brock toward the curb and Officer Brock fell backward over the sidewalk. Appellant fell on top of Officer Brock and the struggle continued on the ground. During the struggle, Officer Brock could feel appellant's hands on his duty weapon, attempting to remove the weapon from the holster. However, Officer Brock employed a weapon retention maneuver to keep appellant from acquiring the weapon.
 {¶ 5} Officer Brock was then able to deploy his ASP baton, which he utilized to separate himself from appellant. Once separated, appellant proceeded to lunge at Officer Brock two or three times, concentrating on his left side where his duty weapon was located. Officer Brock continued to repel appellant's advances with his ASP baton. During the altercation, Officer Brock repeatedly ordered appellant to get on the ground and stop resisting arrest.
 {¶ 6} Appellant then made a dash for his vehicle. He entered his vehicle and started the ignition. Officer Brock attempted to enter the vehicle and he ordered appellant to place the vehicle in park. However, appellant disobeyed the order and drove off with Officer Brock hanging halfway out of the vehicle. The vehicle traveled approximately 20 to 30 yards before Officer Brock jumped from the moving vehicle. Appellant proceeded to his sister's house. His sister then took him to University Hospital where he was treated and subsequently arrested.
 {¶ 7} Appellant was indicted on September 4, 2001 on charges of aggravated robbery, assault, and failure to comply with an order or signal of a police officer. On May 20, 2002, a jury trial was held. The jury returned a verdict of guilty as charged on all three counts. Appellant appeals his convictions raising seven assignments of error.
Assignment of Error No. 1
 {¶ 8} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of aggravated robbery under Ohio Rev. Code Section2911.01(B), as those findings were not supported by sufficient evidence."
 {¶ 9} Appellant argues that the state failed to meet its burden of proving that he was guilty of robbery. Appellant contends the burden was not met because Officer Brock did not see appellant's hands on his service weapon. Furthermore, appellant argues that attempting to tackle Officer Brock does not indicate that he was attempting to obtain Officer Brock's weapon.
 {¶ 10} The concept of legal sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} Appellant was indicted for the offense of aggravated robbery, in violation of R.C. 2911.01(B), which provides:
 {¶ 12} "(B) [n]o person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person ofa law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:
 {¶ 13} "(1) [t]he law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 {¶ 14} "(2) [t]he offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer." (Emphasis added.)
 {¶ 15} According to Officer Brock's testimony, he observed appellant's vehicle drive by and "the vehicle did not have a front plate." Officer Brock then "activated [his] overhead lights" and he "pulled in behind" the vehicle to stop it. Officer Brock then "reached down to pick up [his] radio microphone to call in the registration and location of the vehicle." Officer Brock testified that before he was able to make the call, appellant "was at the front of my bumper of the patrol vehicle with his fists clenched, cursing me." Officer Brock "immediately exited the vehicle." However, before Officer Brock could say anything, appellant "shoved [him] out to the middle of the street." Officer Brock then stated, "[Y]ou're under arrest."
 {¶ 16} Officer Brock attempted to "grab [appellant's] wrists." However, appellant "tried to pull away" so Officer Brock deployed his "OC or what's commonly known as pepper spray." The pepper spray "did not faze [appellant] at that time." Appellant and Officer Brock began wrestling with each other. Appellant was "pushing [Officer Brock]" when the officer's "heels hit the edge of the curb" and he fell to the sidewalk. Appellant "landed on top of [Officer Brock] and put "his hands down on [Officer Brock's] duty weapon."
 {¶ 17} Construing the evidence in a light most favorable to the prosecution, there was sufficient evidence presented to find that appellant attempted to remove a deadly weapon from the person of a law enforcement officer acting in the scope of his duties in violation of R.C. 2911.01(B). Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 18} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of aggravated robbery under Ohio Rev. Code Section2911.11(B) [sic], as those findings were contrary to law."
 {¶ 19} Appellant argues his conviction for aggravated robbery is against the manifest weight of the evidence. Appellant maintains that he did not attempt to remove Officer Brock's duty weapon from the holster. He argues that the pressure Officer Brock felt on the butt of his service weapon could have come from leverage against the ground or the struggle between appellant and Officer Brock.
 {¶ 20} The concept of manifest weight of the evidence is different from an examination of the sufficiency of the evidence. Jenks, 61 Ohio St.3d at paragraph two of the syllabus. In order for an appellate court to reverse a judgment of conviction as against the manifest weight of the evidence, it must disagree with the fact-finder's resolution of conflicting testimony. Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. Therefore, the court, in examining the evidence offered at trial, sits as the "thirteenth juror." Id. However, this does not allow the reviewing court to lightly substitute its judgment for that of the jury. Id. Reversal may only be had when: "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 21} In addressing the sufficiency of the evidence regarding appellant's aggravated robbery conviction, we already discussed the evidence presented by the prosecution. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 22} Importantly, we find that the evidence does not "weigh heavily against the conviction," and, thus, appellant's aggravated robbery conviction was not against the manifest weight of the evidence. The jury could have reasonably found that appellant knowingly attempted to remove a deadly weapon from Officer Brock. Further, the jury could have reasonably concluded that appellant knew or should have reasonably known that Officer Brock was a law enforcement officer acting in the scope of his duties. For the reasons set forth above, the jury verdict finding appellant had committed aggravated robbery, in violation of R.C.2911.01(B), was not against the manifest weight of the evidence. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 23} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of assault under Ohio Rev. Code Section2903.13(A)(C)(3), as those findings were not supported by sufficient evidence."
 {¶ 24} Appellant argues that the state failed to meet its burden of proving that he was guilty of assault on a police officer because the testimony of Officer Brock was contradicted by Kolthoff's testimony. Appellant argues that Kolthoff testified that appellant's shirt was removed before Officer Brock struck appellant with the ASP baton. Appellant maintains that blood on his shirt therefore "leads to the natural conclusion that Officer Brock struck appellant with the baton and appellant was trying to protect himself."
 {¶ 25} Sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. Thompkins,78 Ohio St.3d at 386, 1997-Ohio-52. As discussed above, the relevant inquiry is whether any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, 61 Ohio St.3d at paragraph two of the syllabus.
 {¶ 26} Appellant was indicted for the offense of assault in violation of R.C. 2903.13(A),(C)(3) which provides:
 {¶ 27} "(A) [N]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 {¶ 28} "(C) [w]hoever violates this section is guilty of assault.
 {¶ 29} "(3) [i]f the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."
 {¶ 30} According to Officer Brock's testimony, appellant "shoved [him] out to the middle of the street." Then, while appellant was "pushing [Officer Brock]," the officer's "heels hit the edge of the curb" and he fell to the sidewalk. Officer Brock testified that "hitting my head on the sidewalk had dazed me for a moment, I had to gather myself about."
 {¶ 31} Construing the evidence in favor of the prosecution, there was sufficient evidence presented to find that appellant violated R.C.2903.13(A),(C)(3) by knowingly causing physical harm to a peace officer in the performance of his official duties. Therefore, the third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 32} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of assault under Ohio Rev. Code Section2903.13(A)(C)(3), as those findings were contrary to law."
 {¶ 33} Appellant argues his conviction for assault is against the manifest weight of the evidence. Appellant argues that Officer Brock's testimony contains "many inconsistencies, particularly the inability to explain how [appellant's] shirt got soaked in blood before he was struck with the ASP baton." Furthermore, appellant argues that Officer Brock's claim that he activated his emergency button, when the evidence provided fails to corroborate this assertion, renders his entire testimony unreliable.
 {¶ 34} As previously discussed, an appellate court must disagree with the fact-finder's resolution of conflicting testimony to reverse a judgment of conviction as against the manifest weight of the evidence.Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. Reversal may only be had when the appellate court determines that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 35} We already discussed the evidence presented by the prosecution in addressing the sufficiency of the evidence of appellant's assault conviction. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 36} We find that the evidence does not "weigh heavily against the conviction," and, thus, appellant's assault conviction was not against the manifest weight of the evidence. The jury could have reasonably found that appellant knowingly caused physical harm to Officer Brock while he was in the performance of his official duties. For the reasons set forth above, the jury verdict finding appellant had committed the offense of assault in violation of R.C. 2903.13(A),(C)(3), was not against the manifest weight of the evidence. Therefore, the fourth assignment of error is overruled.
Assignment of Error No. 5
 {¶ 37} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of failure to comply with order or signal of police officer under Ohio Rev. Code Section 2921.331(B)(C)(1)(5), as those findings were not supported by sufficient evidence."
 {¶ 38} Appellant argues that the state failed to meet its burden of proving that he was guilty of failure to comply with an order or signal of a police officer because Officer Brock placed himself at risk by reaching into appellant's vehicle to remove the keys. Appellant argues therefore that he did not create a substantial risk of injury as required to meet the elements of the offense.
 {¶ 39} Sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. Thompkins,78 Ohio St.3d at 386, 1997-Ohio-52. As previously discussed, the relevant inquiry is whether any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, 61 Ohio St.3d at paragraph two of the syllabus.
 {¶ 40} Appellant was indicted for the offense of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, which provides:
 {¶ 41} "(B) [n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 42} "(C)(1) [w]hoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 43} "(5)(a) [a] violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 44} "(ii) [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 45} According to Officer Brock's testimony, during the struggle with appellant he was able to deploy his ASP baton. He struck appellant with the ASP baton and appellant then "darted past [Officer Brock] in an effort to get to his van." Officer Brock "chased after him" and "reached over the steering column with [his] right hand to try to get the keys." However, appellant was "able to get the vehicle started." Appellant then "dropped it into drive" and pulled away. Officer Brock ordered appellant to "put it in park, quit resisting, [and] give up." However, appellant refused. Officer Brock testified that "it started to dawn on [him] what [appellant] was trying to do." Officer Brock then let go of the vehicle and fell "in the middle of the roadway up on my hands and knees."
 {¶ 46} Construing the evidence in favor of the prosecution, there was sufficient evidence presented to find that appellant willfully operated his vehicle to flee a police officer after receiving an audible signal from an officer to bring the motor vehicle to a stop. Furthermore, there was sufficient evidence presented to find that appellant's operation of his vehicle caused a substantial risk of serious physical harm to Officer Brock in violation of R.C. 2921.331. Therefore, the fifth assignment of error is overruled.
Assignment of Error No. 6
 {¶ 47} "The jury erred to the prejudice of the defendant-appellant by finding him guilty of failure to comply with order or signal of police officer under Ohio Rev. Code Section 2921.331(B)(C)(1)(5), as those findings were contrary to law."
 {¶ 48} Appellant argues his conviction for failure to comply with an order or signal of a police officer is against the manifest weight of the evidence. Appellant argues that he was badly injured, bleeding profusely and dazed from a head injury. Appellant argues that given the degree of his injury, "it is unlikely that he could have mustered the requisite intent to create a risk of harm to Officer Brock by driving off."
 {¶ 49} As previously discussed, an appellate court must disagree with the fact-finder's resolution of conflicting testimony to reverse a judgment of conviction as against the manifest weight of the evidence.Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. Reversal may only be had when the appellate court determines that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 50} In addressing the sufficiency of the evidence of appellant's conviction for failure to comply with an order or signal of a police officer, we already discussed the evidence presented by the prosecution. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 51} We find that the evidence does not "weigh heavily against the conviction," and, thus, appellant's conviction for failure to comply with an order or signal of a police officer was not against the manifest weight of the evidence. The jury could have reasonably found that appellant used his vehicle to willfully flee from a police officer after receiving an audible signal to bring the motor vehicle to a stop. Furthermore, the jury could have reasonably found that appellant's operation of the motor vehicle caused a substantial risk of serious physical harm to Officer Brock.
 {¶ 52} For the reasons set forth above, the jury verdict finding appellant had committed the offense of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, was not against the manifest weight of the evidence. Therefore, the sixth assignment of error is overruled.
Assignment of Error No. 7
 {¶ 53} "Defendant-appellant was denied his rights to due process and of assistance of counsel as guaranteed by the sixth andfourteenth amendments of the United States Constitution and Article I, Sections 10
and 16 of the Ohio Constitution because his trial counsel provided ineffective assistance."
 {¶ 54} Appellant argues that his trial counsel was ineffective by failing to object to requests that all side bars be held on the record, by failing to move for a separation of witnesses, and by failing to demand a mistrial when crucial evidence favorable to appellant was not provided until disclosed at trial.
 {¶ 55} The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Strickland v. Washington (1984),466 U.S. 668, 684, 104 S.Ct. 2052. A fair trial is one in which "evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id.,466 U.S. at 685, 104 S.Ct. at 2063. The benchmark for judging any claim of ineffectiveness must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686,104 S.Ct. at 2064.
 {¶ 56} To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense." Id., 466 U.S. at 687,104 S.Ct. at 2063. Counsel's performance is deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687,104 S.Ct. at 2064; see, also, State v. Bradley (1989), 42 Ohio St.3d 136; State v.Peeples (1994), 94 Ohio App.3d 34, 44. To prove that defense counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland,466 U.S. at 687, 104 S.Ct. at 2063.
 {¶ 57} When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Rutter, Hocking App. No. 02CA17, 2003-Ohio-373 at ¶ 24 citing, State v.Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171. As the Strickland Court stated, a reviewing court: "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., 466 U.S. at 689, 104 S.Ct. at 2065; see, also,State v. Sallie, 81 Ohio St.3d 673, 674, 1998-Ohio-343; State v. Carter,72 Ohio St.3d 545, 558, 1995-Ohio-104.
 {¶ 58} Appellant argues that Officer Brock and Kolthoff both testified that appellant's shirt came off in the struggle before Officer Brock began striking appellant with his ASP baton. Appellant maintains if this "was true then there should be little or no blood on the shirt." Yet, Officer Mark Allen testified to recovering a shirt "covered in blood" from the scene. Appellant argues that "had the shirt been made available through discovery it could have been submitted for testing for traces of blood and mace that would have supported [appellant's] version of the events of that night." Appellant contends that the result of the trial would have been different had the evidence been disclosed. Furthermore, appellant argues his counsel's failure to ask for a mistrial based upon a Brady violation is "per se ineffectiveness."
 {¶ 59} Under Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, a defendant's due process is violated if the state fails to disclose evidence favorable to the defendant that is material to guilt or innocence. When reviewing whether a failure to disclose evidence prior to trial constitutes a Brady violation, a court must consider whether the evidence was suppressed by the prosecution after a request by the defense, whether the evidence was favorable to the defense, and how material it was to guilt or innocence. State v. Spikes (1981),67 Ohio St.2d 405, 414, citing Moore v. Illinois (1972), 408 U.S. 786,795. Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley (1995),514 U.S. 419, 433, 115 S.Ct. 1555, quoting United States v. Bagley
(1985), 473 U.S. 667, 682, 105 S.Ct. 3375.
 {¶ 60} The prosecution did not suppress the evidence. Appellant was aware that he wore a shirt at the time of the altercation, he realized that the shirt came off during the struggle, and he knew that he was bleeding during the struggle. Thus, appellant was fully aware, before trial, that the bloody shirt existed. Furthermore, the evidence was not favorable to the defense. Appellant, Officer Brock and Kolthoff all testified that appellant was wearing a shirt, that it was removed during the altercation and that Officer Brock struck appellant with his ASP baton. The shirt is also not material to guilt or innocence. There is no dispute that appellant was bleeding as a result of the altercation. Therefore, there is no reasonable probability that the result of the proceeding would have been different had appellant tested the shirt for blood before trial.
 {¶ 61} Appellant's exculpatory theory about the shirt is highly speculative and reversal is not required on this basis. The prosecution never suppressed the shirt and it is not evidence material to guilt or innocence; thus no Brady violation existed. Consequently, appellant was not prejudiced because his counsel failed to move for a mistrial based upon a non-existent Brady violation. Therefore, appellant's counsel's conduct did not undermine the proper functioning of the adversarial process so that the trial cannot be relied on as having produced a just result.
 {¶ 62} Appellant's complete argument regarding ineffective assistance as a result of his counsel's failure to insist on the separation of witnesses and his failure to hold side bar conferences on the record is as follows: "The issues of separation of witnesses and failure to hold side bar discussions are typically discretionary matter. The problem here is counsel failed to utilize these basic trial tactics and thereby deprived [appellant] the opportunity to argue those issues at the appellate stage."
 {¶ 63} Appellant fails to state what "those issues" consist of and where "those issues" can be found in the record. An appellate court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment is based. Therefore we overrule these claims pursuant to App.R. 12(A)(2). Consequently, the seventh assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.